UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA McMANUS,<br><br>Plaintiff,<br><br>v.<br><br>NBS DEFAULT SERVICES, LLC, BANK OF AMERICA, N.A., NATIONSTAR MORTGAGE, LCC, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>Defendants. | No. 2:18-cv-02047 JAM AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the magistrate judge pursuant to Local Rule 302(c)(21). Pending is a motion to dismiss from defendants Mortgage Electronic Registration Systems, Inc. and Nationstar Mortgage, LLC. ECF No. 8. Defendant NBS Default Services was only recently served, on August 31, 2018, and has not yet appeared. ECF No. 18. Defendant Bank of America N.A. has appeared but did not participate in the motion. Plaintiff opposed the motion, ECF No. 11, and the moving defendants replied. ECF No. 16. The parties appeared for a hearing on the motion on September 5, 2018. ECF No. 19. Based on a review of the record, the court recommends that the motion be granted in part and denied in part.

////

# I. BACKGROUND

## A. Procedural History

Plaintiff Priscilla McManus initiated this wrongful foreclosure action in pro se on June 20, 2018, by filing a complaint against defendants in the County of El Dorado Superior Court. ECF No. 1-1 at 14-30. Defendants removed the case to district court based on subject matter and diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. ECF No. 1. On August 2, 2018, defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), and Nationstar Mortgage, LLC ("Nationstar") filed a motion to dismiss. ECF No. 8.

## B. Allegations of the Complaint

Plaintiff alleges that she is the proper title holder to the real property located at 1600 Starbuck Rd., Rescue, CA 95672 ("subject property"). ECF No. 1-1 at 15. On April 26, 2004, plaintiff financed the loan on the subject property through Fidelity Home Mortgage Corp. and executed a promissory note ("the Note") in favor of Fidelity. The Note was secured by a deed of trust ("DOT") with MERS as the beneficiary. Id. at 16. Plaintiff alleges that shortly after financing, Fidelity sold its interest in the note to Fannie Mae and attempted to sell its property security interest in plaintiff's DOT. Id. Plaintiff alleges that on March 14, 2011, a Loan Modification Agreement was signed by plaintiff stating that BAC Home Loan Servicing LP was the lender. Id.

Plaintiff alleges that on March 14, 2012, MERS sold BAC Home Loans Servicing all beneficial interest under the deed of trust and filed the notice with the El Dorado County Recorder's Office on March 29, 2012. Id. An Assignment of Deed of Trust dated June 20, 2013 is attached to the complaint, showing the DOT conveyed onto Nationstar Mortgage, LLC. Id. at 137, Complaint Ex. F. An assignment of DOT was signed on November 23, 2015 in which Nationstar Mortgage LLC conveyed onto the Federal National Mortgage Association ("Fannie Mae") the beneficial interest under the DOT. Id. at 139, Complaint Ex. G. The assignment was recorded on December 22, 2015. Id. Plaintiff attaches another Assignment of the DOT, signed December 7, 2015, in which Nationstar Mortgage again assigned it interest in the DOT to Fannie Mae; this Assignment was recorded on February 10, 2016. Id. at 141, Complaint Ex. H.

Plaintiff alleges that no Substitutions of Trustee have been executed or filed in the public record with respect to the subject property, and the current trustee remains Fannie Mae. Id.

On December 17, 2014, a Notice of Default on the subject property was recorded listing contact information for Nationstar and NBS Default Services. Id. at 144, Complaint Ex. I. Plaintiff alleges that in early June 2017 plaintiff received a Notice of Trustee's Sale in the mail from NBS Default Service, LLC, as the purported duly appointed trustee. Id. at 17. A copy of a Notice of Trustee's Sale dated June 30, 2017, listing contact information for NBS Default Services, is attached to the complaint. Id. at 148-49, Complaint Ex. J. On April 19, 2018 the subject property was sold to Fannie Mae pursuant to purported Assignments recorded by Nationstar Mortgage. Id. at 153-53, Complaint Ex. K. Plaintiff alleges that there has never been any substation of trustee with respect to the DOT, none of the foreclosing defendants are the holder of the Note, and none of the foreclosing defendants were ever entitled to enforce the Note. Id. at 17. Plaintiff alleges, based on information and belief, that the defendants never knew the identity of the actual beneficiary of the DOT, that the actual beneficiary of the DOT never provided a declaration to NBS Default Services, LLC stating that plaintiff was in default, and that the non-judicial foreclosure of the subject property therefore was invalid. Id. at 18.

Plaintiff brings claims for (1) negligence; (2) fraud; (3) cancellation of a voidable contract under Rev. & Tax Code §§23304.1, 23305A, and Cal. Corp. Code §§ 191(c)(7); (4) to void or cancel assignments of deed of trust; (5) breach of the implied covenant of good faith and fair dealing; (6) violation of California business and professions code section 17200 et. seq.; (7) quiet title; (8) slander of title; and (9) wrongful foreclosure. ECF No. 1-1 at 14.

## II. MOTION TO DISMISS

Defendant seeks to dismiss the complaint against it in its entirety under Federal Rule of Civil Procedure 12(b)(6).

### A. Standards under Rule 12(b)(6)

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

4

Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Request for Judicial Notice

A court may take judicial notice of certain facts. Fed. R. Evid. 201. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Even where a document is not subject to judicial notice, however, the court may still consider a document proffered for judicial notice, if it qualifies under the "incorporation by reference" doctrine. "[T]he "incorporation by reference" doctrine...permits us to take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.), 183 F.3d 970, 986 (9th Cir. 1999)). The Ninth Circuit has extended the doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint. Knievel, 393 F.3d at 1076.

The court takes judicial notice of all exhibits incorporated into plaintiff's complaint. ECF No. 1-1 at 31-153. With the exception of an affidavit, they are all matters of the public record. Id. The exhibits include exhibits: (A) Affidavit of Joseph Esquivel and Chain Title Analysis; (B) Deed of Trust; (C) Trust Pooling and Servicing Agreement; (D) Loan Modification dated March 14, 2011; (E) Assignment of Deed of Trust to Bank of America NA, recorded March 29, 2012; (F) Assignment of Deed of Trust to Nationstar Mortgage, recorded June 20, 2013; (G) Corporate Assignment of Deed of Trust to Federal National Mortgage Association, recorded December 22, 2015; (H) Corporate Assignment of Deed of Trust to Federal National Mortgage Association, recorded February 10, 2016; (I) Notice of Default recorded December 17, 2014; (J) Notice of Sale recorded June 30, 2017; (K) Trustee's Deed Upon Sale. Defendants seek judicial notice for several of these same documents (defendant's Ex. A (Trustee's Deed Upon Sale), Ex. B (Deed of

Trust), C (March 29, 2012 recording, D (June 20, 2013 recording), and E (December 17, 2014 recording). Defendants additionally seek judicial notice of the following public record: Defendant's Ex. F (November 9, 2015 Notice of Trustee's Sale). The court takes judicial notice of each of these documents.

### C. Discussion of Claims

Defendant contends that each of plaintiff's individual causes of action fails to state a claim. ECF No. 8.

#### 1. *Negligence*

Plaintiff asserts that defendants had a duty of care to plaintiff as plaintiff's lender and loan servicer, but breached that duty through failure "to properly and accurately credit payments made by Plaintiff toward the loan, preparing and filing false documents, and foreclosing on the Subject Property without having the legal authority and/or proper documentation to do so." ECF No. 1-1 at 18. This claim fails.

Negligence requires "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." Ladd v. County of San Mateo, 12 Cal. 4th 913 (1996). As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. Cal. Civ. Code § 3434; Wagner v. Benson, 101 Cal. App. 3d 27, 35 (1980). Liability to a borrower for negligence arises only when the lender "actively participates" in the financed enterprise "'beyond the domain of the usual money lender.'" Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991) (quoting Connor v. Great Western Sav. & Loan Assn., 69 Cal. 2d 850, 864 (1968)). Acting in a conventional role as a lender of money or supervision for the protection of a security interest in loan collateral does not constitute active participation. Wagner, 101 Cal. App. 3d at 35; Nymark, 231 Cal. App. 3d at 1096. This principle has been extended to loan servicers. Castaneda v. Saxon Mortg. Servs., 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009).

Here, all defendants were acting in their capacity as financial institutions. Plaintiff does not give any indication that any defendant in this case stepped outside its role as a money lender

or loan servicer, stating only that defendants were negligent in "failing to properly and accurately credit payments toward the loan, preparing and filing false documents, and foreclosing on the Subject Property without having the legal authority and/or proper documentation to do so." ECF No. 1-1 at 18. Accordingly, the motion to dismiss should be GRANTED as to the negligence claim. Because the judicially noticed documents confirm that all defendants acted within their capacities as financial institutions, roles which cannot support negligence liability as a matter of law, amendment would be futile and plaintiff should not be granted leave to amend.

    *2. Fraud*

Plaintiff brings a claim of fraud, alleging that the defendants "engaged in a pattern and practice of defrauding Plaintiff in that, during the life of the mortgage loan, the Defendant failed to properly credit payments made and on the Subject Property based on Plaintiff's alleged non-payment which they knew to be false." ECF No. 1-1 at 19. Plaintiff's fraud claim, as stated in her complaint, fails because it is time-barred. Fraud claims in California are subject to a three-year statute of limitations. California Code of Civil Procedure § 338(d) sets a three-year statute of limitations for "[a]n action for relief on the ground of fraud or mistake. The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." In general, "[a] cause of action accrues when the claim is complete with all of its elements." Slovensky v. Friedman, 142 Cal. App. 4th 1518, 1528 (2006), as modified (citation omitted). "Although this ordinarily occurs on the date of the plaintiff's injury, accrual is postponed until the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements." Id. at 1528–29 (citations omitted). "Plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." Id. at 1529 (citation and alteration omitted). "So long as there is a reasonable ground for suspicion, the plaintiff must go out and find the facts; she cannot wait for the facts to find her." Id. (citation omitted).

The Notice of Default was recorded on the subject property on December 17, 2014. ECF No. 1-1 at 143, Plaintiff's Ex. I. The Notice of Default put plaintiff on notice that, if she was

7

making payments as she alleges, they were not being credited.  Plaintiff's cause of action for fraud accrued at this point because upon receiving the Notice, she "at least ha[d] a reason to suspect a factual basis" for a fraud claim.  Slovensky, 142 Cal. App. at 1528.  Plaintiff filed her case in El Dorado Superior Court on June 20, 2018, over three years after receiving the Notice of Default.  ECF No. 1-1 at 12.  For this reason, plaintiff's fraud claim fails as stated cannot survive and defendant's motion to dismiss on this point must be GRANTED.

However, at the hearing, plaintiff clarified that she believes there was additional fraud in the actual sale of the subject property, and that she did not have reason to know that factual basis until the day the property was scheduled to be auctioned, April 19, 2018.  Because plaintiff has indicated the existence of additional facts which might establish a timely fraud claim, the undersigned recommends that this cause of action be dismissed but plaintiff be granted leave to amend.[1]

### 3. *Cancellation of a Voidable Contract*

Plaintiff's claim for cancellation of a voidable contract under Rev. & Tax Code §§ 23304.1 and violation of Cal. Corp. Code §§ 191(c)(7) cannot survive.  This cause of action is brought only against MERS; plaintiff alleges that MERS was operating in the State of California during the time of the relevant transactions without registering as a foreign corporation, to avoid paying taxes into the state.  ECF No. 1-1 at 20.  Plaintiff alleges that because "MERS did not have the legal capacity to enter into a contract with Plaintiff or anyone else, [] Plaintiff has the option of voiding the contract.  Therefore, any action that MERS took with regard to assigning the deed of trust would be ultra vires and void."  Id. at 21.

In relevant part, Cal. Rev. & Tax. Code § 23304.1 states that "[i]f a foreign taxpayer that neither is qualified to do business nor has an account number from the Franchise Tax Board, fails to file a tax return required under this part, any contract made in this state by that taxpayer during the applicable period specified in subdivision (c) shall, subject to Section 23304.5, be voidable at

---

[1] The court expresses no opinion regarding the potential viability or timeliness of such a claim.  It finds only that plaintiff's proffer indicates that leave to amend, which must be afforded generously to a pro se plaintiff, is appropriate.

8

the request of any party to the contract other than the taxpayer." California Corporate Code § 191(c)(7) includes in the definition of "transacting business" the act of "[c]reating evidences of debt or mortgages, liens or security interests on real or personal property." Cal. Corp. Code § 191 (West).

Plaintiff's claim fails as a matter of law. The courts have recognized that "MERS is statutorily exempted from the requirement to obtain a certificate of qualification to conduct business in California. MERS registered as a Delaware corporation, which is a foreign corporation under California law. Cal. Corp. Code §§ 167, 171. MERS is not required to obtain a certificate of qualification from the Secretary of State because it does not 'transact intrastate business' within the meaning of the statute." Castaneda v. Saxon Mortg. Servs., Inc., 687 F. Supp. 2d 1191, 1195, n.3 (E.D. Cal. 2009). Further, in 2010 MERS registered to conduct intrastate business in California and is therefore "entitled to have its prior transactions given full effect." Perlas v. Mortg. Elec. Registration Sys., Inc., No. C 09-4500 CRB, 2010 WL 3079262, at *7 (N.D. Cal. 2010). Plaintiff's "voidable contract" claim therefore fails as a matter of law, and the motion to dismiss should be GRANTED as to this claim without leave to amend.

### 4. *Void or Cancel Assignment (Homeowner's Bill of Rights)*

Plaintiff asserts, without citation to any authority, that the Corporate Assignment of Deed of Trust recorded March 29, 2012 was invalid for "the reasons set forth above including, inter alia, the fact the MERS did not have standing or the legal authority to assign the deed of trust which purportedly secured the Note, and which served as the basis for a claim to have the right to conduct a non-judicial foreclosure sale." ECF No. 1-1 at 21. Plaintiff separately cites a provision of the California Homeowners Bill of Rights which states that "Lenders that record and file multiple unverified documents will be subject to a civil penalty up to $7,500 per loan in an action brought by a civil prosecutor." Id. at 22. Plaintiff's claim fails because its legal basis is unclear. Federal Rule of Civil Procedure 8 sets forth the basic pleading standard in federal courts. To comply with Rule 8, a complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the

plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). It is well settled that an effective pleading should provide the defendant with a basis for assessing the initial strength of the plaintiff's claim, for preserving relevant evidence, for identifying any related counter- or cross-claims, and for preparing an appropriate answer. Grid Systems v. Texas Instruments. Inc., 771 F.Supp. 1033, 1037 (9th Cir. 1991). Pleadings filed by pro se litigants are held to "less stringent standards than formal pleadings by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (internal citations omitted). Nonetheless, to avoid dismissal under Rule 8, pro se pleadings "must [still] meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

Based on the complaint, the court cannot determine the basis for plaintiff's fourth cause of action. It's label, "To Void or Cancel Assignment of Deed of Trusts" suggests a desired remedy, but does not provided a legal basis for a claim. Without an identifiable basis in law, the claim must be dismissed for failure to comply with Rule 8. However, because it is not clear whether a claim can be stated on this point, dismissal should be with leave to amend. Defendant's motion to dismiss should be GRANTED, but plaintiff should be permitted to amend this cause of action to clarify its legal basis.

### 5. *Implied Covenant of Good Faith and Fair Dealing*

Plaintiff properly states a claim under the Implied Covenant of Good Faith and Fair Dealing. ECF No. 1-1 at 6. The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. Racine & Laramie, Ltd. v. Department of Parks & Recreation, 11 Cal. App. 4th 1026, 1032 (1992). The scope of conduct prohibited is circumscribed by the purposes and express terms of the contract. Ellis v. Chevron, U.S.A. Inc., 201 Cal. App. 3d 132, 139 (1988). "It is universally recognized the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." Carma Developers (Cal.), Inc. v. Marathon Development California, Inc., 2 Cal. 4th 342, 372-73 (1992); see also Cal. Civ. Jury Instructions no. 325 (2017) (establishing a five-part test). While

some federal district courts have held that "to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated," this notion does not appear to be supported by California law. Plastino v. Wells Fargo Bank, 873 F. Supp. 2d 1179, 1191 (N.D. Cal. 2012) (internal quotation omitted). Indeed, the California Supreme Court has held that "breach of a specific provision of the contract is not a necessary prerequisite" to bring an implied covenant claim. Carma Developers, 2 Cal. 4th at 373.

Here, plaintiff claims the Note and DOT were not properly assigned to defendants, and that defendants acted in bad faith by foreclosing the subject property without having the proper rights under the DOT. Plaintiff contends that defendants engaged in conduct to drive plaintiff into foreclosure so they could acquire the subject property "at a bargain basement price." Indeed, plaintiff attached documents, of which the court took judicial notice, which appear to demonstrate that Nationstar was not the beneficiary under the DOT at the time the foreclosure sale took place. ECF No. 1-1 at 139, 141. Defendant focuses on the fact that plaintiff does not identify any specific contractual provision that was frustrated, but as discussed above, so long as her allegations are within the bounds and expectations of the contracts at issue, she need not identify breach of a specific contractual provision. Surely it was within the expectations of the DOT that only the actual beneficiary would be able to initiate foreclosure proceedings.

At the hearing on this motion, defendant argued that the issue was one of standing: that plaintiff as borrower does not have standing to challenge assignments of a deed of trust. ECF No. 8 at 14. The cases defendant cites clearly provide that a borrow does have standing to maintain certain claims where, as alleged here, transfers of the DOT rendered the foreclosure sale void. While it is true that a borrower "lacks standing to challenge the assignment of her loan and deed of trust," Mendoza v. JPMorgan Chase Bank, N.A., 6 Cal. App. 5th 802, 820 (2016), it is also true "that a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment." Id. at 810 (quoting Yvanova v. New Century Mortg. Corp., 62 Cal. 4th 919, 924 (2016)). Here, plaintiff does not simply challenge the fact of assignment of her DOT. Her allegations are not merely that

11

1  Nationstar could not transfer the DOT to Fannie Mae.  The argument is, instead, that when NBS
2  Default acted on behalf of Nationstar to sell the subject property it acted without authority
3  because the beneficial interest in the DOT had already been assigned to Fannie Mae.  ECF No. 1-
4  1 at ¶ 39.  Defendants' standing argument is inapposite.  Defendant's motion accordingly should
5  be DENIED as to plaintiff's fifth cause of action.

*6. California's Unfair Competition Law (Cal. Bus. & Prof. Code § 1700 et. seq.)*

Plaintiff has injury sufficient to establish standing for a claim under California's Unfair Competition Law (UCL).  Proposition 64 restricts standing to assert a UCL cause of action. Trujillo v. First American Registry, Inc., 157 Cal. App. 4th 628, 639 (2007).  In order to bring a claim under UCL, a plaintiff must establish: (1) a loss or deprivation of money or property sufficient to qualify as injury in fact, that is, economic injury, and (2) that the economic injury was the result of, that is, caused by, the unfair business practice or false advertising that is the gravamen of the claim.  Obesity Research Institute, LLC v. Fiber Research International, LLC, 165 F. Supp. 3d 937, 947 (S.D. Cal. 2016); Cal. Bus. & Prof. Code §§ 17204, 17535.  Economic injury may be demonstrated through (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary.  Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 323 (2011). Proposition 64 "added a requirement that a UCL plaintiff's 'injury in fact' specifically involve 'lost money or property.'"  Id. at 324.

Here, plaintiff is able to show a significant loss, as her property was foreclosed upon and sold.  Complaint Ex. K (Deed Upon Sale).  Unless defendants can explain how the Corporate Assignment of the DOT to Fannie Mae did not remove Nationstar as the beneficiary under the DOT, plaintiff has stated a claim that defendant "[i]nstituted improper or premature foreclosure proceedings" against her.  ECF No. 1-1 at 24.  Defendants were asked at the hearing for an explanation of the legal effect of the Corporate Assignments on the beneficiary interests and attendant foreclosure rights, and had no explanation to offer.  Accordingly, the motion should be

DENIED as to this claim.

   *7. Claim to Quiet Title*

Defendant's motion to dismiss is inadequate to defeat plaintiff's quiet title claim. Plaintiff alleges that the defendants have no right to title or interest in the property because Nationstar, through its agent NBS, improperly foreclosed. ECF No. 1-1 at 26. A borrower may not quiet title against a secured lender without first paying the outstanding debt on which the mortgage or deed of trust is based; the cloud on title remains until the debt is paid. Luceras v. BAC Home Loans Servicing, LP., 221 Cal. App. 4th 49, 86 (2013). While it is undisputed that plaintiff did not pay off the mortgage on the subject property prior to its sale, the complaint alleges she "is willing to tender the amount received subject to equitable adjustment for the damages caused to the Plaintiff by the Title Defendants' activities." ECF No. 1-1 at 26. When the court asked defendant whether such a post-sale offer, made in a complaint, can constitute "tender" within the meaning of California law governing quiet title, defendant had no response. Defendant's briefing and argument at hearing gives the court no reason to dismiss plaintiff's claim for a failure of tender when an offer is clearly made in the complaint.

As stated above, the complaint's allegations and attachments cast doubt on defendant Nationstar's right to foreclose on the subject property, because it is unclear whether it was the beneficiary under the DOT at the time its agent, NBS Default Services, completed the foreclosure sale. ECF No. 1-1 at 139, 141. Because plaintiff has tendered payment of the mortgage balance owed at the time of sale, and the moving party has not demonstrated that this tender is ineffective as a matter of law, the motion to dismiss on the seventh cause of action should be DENIED.[2]

   *8. Slander of Title*

Plaintiff cannot bring a claim for slander of title based on the recording of a notice of default and notice of trustee sale on the subject property, because these are privileged recordings. Plaintiff asserts that defendants wrongfully caused the recording of the notice of default and

---

[2] The court expresses no opinion on the question whether a post-sale offer of payment constitutes a tender under governing California law. The undersigned finds that the moving party has not met its burden to demonstrate the deficiency of plaintiff's claim.

13

notice of trustee's sale because they did not have lawful authority in the Subject Property. ECF No. 1-1 at 27-28. Slander or disparagement of title is accomplished if a publication is reasonably understood to cast doubt upon the existence or extent of another's interest in land. Fearon v. Fodera, 169 Cal. 370, 379-80 (1915); Hill v. Allan, 259 Cal. App. 2d 470, 489 (1968). The elements of the tort are: (1) a publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss. Trucks Ins. Exchange v. Bennett, 53 Cal. App. 4th 75, 84 (1997). Under Cal. Civ. Code § 2924(a), a trustee, mortgagee or beneficiary or any of their authorized agents may commence the foreclosure process. In initiating the nonjudicial foreclosure process, a trustee must record a notice of default and a notice of sale. Id. Recordation of a notice of default and a notice of sale *are privileged* and cannot form a basis of liability in court. Cal. Civ. Code § 2924(d)(1). Plaintiff cannot bring a slander of title claim based on the recording of the notice of default and sale. Id. Therefore, defendant's motion to dismiss should be GRANTED on this matter.

9. *Wrongful Foreclosure*

Plaintiff asserts that NBS Default Services did not have the authority to initiate and complete foreclosure proceedings on the subject property because NBS was not the beneficiary or the representative of the proper beneficiary under the DOT. ECF No. 1-1 at 28-29. Defendant moves to dismiss on grounds that plaintiff has not made a credible tender of the secured debt. ECF No. 8 at 28. Defendant's motion is DENIED on this point.

"A beneficiary or trustee under a deed of trust who conducts an illegal, fraudulent or willfully oppressive sale of property may be liable to the borrower for wrongful foreclosure; a foreclosure initiated by one with no authority to do so is wrongful for purposes of such an action." Yvanova v. New Century Mort. Corp., 62 Cal. 4th 919, 929 (2016). The basic elements of wrongful foreclosure are: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." Miles v. Deutsche Bank Nat'l Tr. Co., 236 Cal.

App. 4th 394, 408 (2015). A wrongful foreclosure suit can also be brought under the allegation that foreclosure was conducted by one who had no legal right to do so. Sciarratta v. U.S. Bank Nat'l Ass'n, 247 Cal. App. 4th 552, 566 (2016). Those who possess a legal right are the trustee, mortgagee, beneficiary, or any of their authorized agents. Cal. Civ. Code § 2924(a)(1). The trustee under a trust deed "may be substituted by the recording in the county in which the property is located of a substitution executed and acknowledged by: (A) all of the beneficiaries under the trust deed." Cal. Civ. Code. § 2934a(a)(1). A trustee of a deed of trust acts at the direction of the lender-beneficiary. Yvanova, 62 Cal. 4th at 927. As a result, the trustee may formally initiate nonjudicial foreclosure only at the direction of the person that currently holds the note and beneficial interest under the DOT. Id.

In general "[w]hen a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." Alicea v. GE Money Bank, No. C 09-00091 SBA, 2009 WL 2136969, at *3 (N.D. Cal. 2009). There are exceptions to this rule: no tender is required when (1) where the borrower attacks the validity of the underlying debt; (2) when a plaintiff has a counterclaim or setoff against the beneficiary; (3) when tender would be an inequitable condition to impose; and (4) "no tender will be required when the trustor is not required to rely on equity to attack the deed because the trustee's deed is void on its face." Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 113 (2011).

Defendant argues that plaintiff failed to make a credible tender, and therefore she cannot bring a wrongful foreclosure claim. ECF No. 8 at 28. This argument does not withstand scrutiny. First, plaintiff did make a tender in her complaint as part of her Quiet Title cause of action. ECF No. 1-1 at 26; see supra at p. 13 & n. 2. On a motion to dismiss, the court will construe that offer as equally applicable to the Wrongful Foreclosure claim. Second, even if plaintiff had not made such a tender, it would be inequitable to impose a tender requirement if, as plaintiff alleges, Nationstar and NBS did in fact foreclose on the subject property without any authority to do so. The "void on its face" exception would also apply under such circumstances. Defendants' motion to dismiss should be DENIED as to plaintiff's wrongful foreclosure claim.

### III. CONCLUSION

It is hereby recommended that defendants' motion to dismiss be GRANTED in part and DENIED in part as follows:

1. Defendant's motion to dismiss should be GRANTED as to (1) negligence; (3) cancellation of a voidable contract under Rev. & Tax Code §§23304.1, 23305A, and Cal. Corp. Code §§ 191(c)(7); and (8) slander of title; these claims should be dismissed without leave to amend;

2. Defendant's motion to dismiss should be GRANTED as to (2) fraud; and (4) to void or cancel assignments of deed of trust, but plaintiff should be allowed to amend as to these claims; and

3. Defendant's motion should be DENIED as to (5) breach of the implied covenant of good faith and fair dealing; (6) violation of California business and professions code section 17200 et. seq.; (7) quiet title; and (9) wrongful foreclosure.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 10, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE