UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA McMANUS,<br><br>Plaintiff,<br><br>v.<br><br>NBS DEFAULT SERVICES, LLC, BANK OF AMERICA, N.A., NATIONSTAR MORTGAGE, LCC, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>Defendants. | No. 2:18-cv-02047 JAM AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the magistrate judge pursuant to Local Rule 302(c)(21). Pending is a second motion to dismiss from defendants Mortgage Electronic Registration Systems ("MERS"), Inc., and Nationstar Mortgage. ECF No. 37. The court granted in part and denied in part a prior motion to dismiss from the same defendants, giving plaintiff leave to amend certain claims. ECF No. 28. Plaintiff filed a First Amended Complaint ("FAC")[1] on January 11, 2019. ECF No. 31. The motion at bar seeks to dismiss the first two counts of plaintiff's FAC: (1) fraud; and (2) "to void or cancel assignments of deed of trust." ECF No. 37. Moving defendants request that if the

---

[1] This document is labeled "Second Amended Complaint" on the docket but is in fact a Frist Amended Complaint, and is referred to as such herein.

1

motion is granted, defendant MERS be dismissed from this action. ECF No. 37 at 3. Defendant NBS Default Services has not been served and has not appeared. ECF No. 15. Defendant Bank of America N.A. has appeared but did not participate in the motion. Plaintiff opposed the motion. ECF No. 40. Participating defendants replied. ECF No. 41. Based on a review of the record, the court recommends the motion to dismiss be GRANTED but defendant MERS will remain in the lawsuit because it is implicated in remaining causes of action.

## I. BACKGROUND

### A. Procedural History

Plaintiff Priscilla McManus initiated this wrongful foreclosure action pro se on June 20, 2018, by filing a complaint against defendants in the County of El Dorado Superior Court. ECF No. 1-1 at 14-30. Defendants removed the case to district court based on subject matter and diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. ECF No. 1. On August 2, 2018, defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), and Nationstar Mortgage filed a motion to dismiss. ECF No. 8. The court granted the motion in part, but denied it as to plaintiff's claims for (1) breach of implied covenant of good faith and fair dealing, (2) violation of California business and professions code § 17200 et seq.; (3) quiet title; and (4) wrongful foreclosure. ECF No. 28 at 2. The court granted the motion to dismiss but granted leave to amend on plaintiff's claims of (5) fraud; and (6) void or cancel assignments of deed of trust. Id. Defendants' motion was granted without leave to amend on several other claims. Id. On January 11, 2019, plaintiff filed a First Amended Complaint ("FAC") alleging the six claims which had been permitted to move forward. ECF No. 31 at 1.

### B. Allegations in the FAC

On April 26, 2004, plaintiff financed the loan on the "Subject Property" through Fidelity Home Mortgage Corp. and executed a promissory note ("the Note") in favor of Fidelity. The Note was secured by a deed of trust ("DOT") with MERS as the beneficiary. ECF No. 31 at 2. Plaintiff alleges that shortly after financing, Fidelity sold its interest in the note to Fannie Mae and attempted to sell its property security interest in plaintiff's DOT. Id. On March 14, 2011, a Loan

////

Modification Agreement was signed by plaintiff stating that BAC Home Loan Servicing LP was the lender. Id.

On March 14, 2012, MERS sold BAC Home Loans Servicing all beneficial interest under the deed of trust and filed the notice with the El Dorado County Recorder's Office on March 29, 2012. Id. An Assignment of Deed of Trust dated June 20, 2013 is attached to the complaint, showing the DOT conveyed onto Nationstar Mortgage, LLC. Id. at 137, FAC Ex. F. An assignment of DOT was signed on November 23, 2015 in which Nationstar Mortgage LLC conveyed onto the Federal National Mortgage Association the beneficial interest under the DOT. FAC Ex. G. The assignment was recorded on December 22, 2015. Id. Plaintiff attaches another Assignment of the DOT, signed December 7, 2015, in which Nationstar Mortgage again assigned it interest in the DOT to Federal National Mortgage Association ("Fannie Mae"); this Assignment was recorded on February 10, 2016. FAC Ex. H. Plaintiff alleges that no Substitutions of Trustee have been executed or filed in the public record with respect to the subject property, and the current trustee remains Fannie Mae. ECF No. 31 at 3.

On December 17, 2014, a Notice of Default on the subject property was recorded listing contact information for Nationstar and NBS Default Services. FAC Ex. I. In early June 2017 plaintiff received a Notice of Trustee's Sale in the mail from NBS Default Service, LLC, as the purported duly appointed trustee. Id. at 17. A copy of a Notice of Trustee's Sale dated June 30, 2017, listing contact information for NBS Default Services, is attached to the complaint. FAC Ex. J. On April 19, 2018 the subject property was sold to Fannie Mae pursuant to purported Assignments recorded by Nationstar Mortgage. FAC Ex. L. The same day, at 9:24 a.m. and prior to the scheduled sale of the Subject Property, plaintiff filed for Chapter 13 Bankruptcy. FAC Ex. K. Plaintiff is informed and believes that there has never been any substation of trustee with respect to the DOT, none of the foreclosing defendants are the holder of the Note, and none of the foreclosing defendants were ever entitled to enforce the Note. ECF No. 31 at 4. Plaintiff is informed and believes that defendants never knew who the actual beneficiary of the DOT was, and the actual beneficiary of the DOT never provided a declaration to NBS Default Services,

////

1 | LLC stating that plaintiff was in default, and thus the non-judicial foreclosure of the subject property was invalid. Id.

Plaintiff brings claims for (1) fraud; (2) to void or cancel assignments of deed of trust; (3) breach of the implied covenant of good faith and fair dealing; (4) violation of California business and professions code section 17200 et. seq.; (5) quiet title; and (6) wrongful foreclosure. ECF No. 31 at 4-14

## II.  MOTION TO DISMISS

Moving defendants seeks to dismiss the FAC's first two causes of action under Federal Rule of Civil Procedure 12(b)(6). ECF No. 37. Defendants do not challenge the remaining claims in the FAC at this time. Defendants include a request for judicial notice of several documents. ECF No. 38.

### A. Standards under Rule 12(b)(6)

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

4

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B.  Request for Judicial Notice

A court may take judicial notice of certain facts. Fed. R. Evid. 201. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Even where a document is not subject to judicial notice, however, the court may still consider a document proffered for judicial notice, if it qualifies under the "incorporation by reference" doctrine. "[T]he "incorporation by reference" doctrine...permits us to take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.), 183 F.3d 970, 986 (9th Cir. 1999)). The Ninth Circuit has extended the doctrine to situations in

which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint. Knievel, 393 F.3d at 1076.

The court takes judicial notice of all exhibits incorporated into plaintiff's complaint. ECF No. 31. With the exception of an affidavit, they are all matters of the public record. Id. The exhibits include exhibits: (A) Affidavit of Joseph Esquivel and Chain Title Analysis; (B) Deed of Trust; (C) Trust Pooling and Servicing Agreement; (D) Loan Modification dated March 14, 2011; (E) Assignment of Deed of Trust to Bank of America NA, recorded March 29, 2012; (F) Assignment of Deed of Trust to Nationstar Mortgage, recorded June 20, 2013; (G) Corporate Assignment of Deed of Trust to Federal National Mortgage Association, recorded December 22, 2015; (H) Corporate Assignment of Deed of Trust to Federal National Mortgage Association, recorded February 10, 2016; (I) Notice of Default recorded December 17, 2014; (J) Notice of Sale recorded June 30, 2017; (K) Voluntary Petition for Individuals Filing Bankruptcy dated April 19, 2018; (L) Trustee's Deed Upon Sale.

Defendants seek judicial notice for several of these same documents (defendant's Ex. A (Trustee's Deed Upon Sale); Ex. B (Deed of Trust); Ex. C (March 29, 2012 recording), D (June 20, 2013 recording); E (December 17, 2014 recording); and F (November 9, 2015 Notice of Trustee's Sale). The court takes judicial notice of each of these documents.

### C. Discussion of Claims

Defendants seek to dismiss the FAC on grounds that each of plaintiff's individual causes of action fail to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 37.

*1. Fraud*

Plaintiff brings a claim of fraud, alleging that the defendants "engaged in a pattern and practice of defrauding Plaintiff in that, during the life of the mortgage loan, the Defendant failed to properly credit payments made and on the Subject Property based on Plaintiff's alleged non-payment which they knew to be false." ECF No. 31 at 4. Plaintiff maintains that she did not become aware of the failure to properly credit payments until April 19, 2018, when she learned

that her property which was scheduled to be sold in foreclosure at 1:00 p.m. had already been sold at 9:10 a.m. without ever being offered at public auction as stated on the Notice of Sale. Id. at 4-5. Plaintiff states that the improper sale "reconfirmed to Plaintiff that Defendants were not following the Rule of Law." Id. at 5.

Fraud claims in California are subject to a three-year statute of limitations. California Code of Civil Procedure § 338(d) sets a three-year statute of limitations for "[a]n action for relief on the ground of fraud or mistake. The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." In general, "[a] cause of action accrues when the claim is complete with all of its elements." Slovensky v. Friedman, 142 Cal. App. 4th 1518, 1528 (2006), as modified (citation omitted). "Although this ordinarily occurs on the date of the plaintiff's injury, accrual is postponed until the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements." Id. at 1528–29 (citations omitted). "Plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." Id. at 1529 (citation and alteration omitted). "So long as there is a reasonable ground for suspicion, the plaintiff must go out and find the facts; she cannot wait for the facts to find her." Id. (citation omitted).

The Notice of Default was recorded on the subject property on December 17, 2014. FAC Ex. I. Ordinarily, the Notice of Default would be construed to have put plaintiff on notice that, if she was making payments as she alleges, they were not being credited. Plaintiff seeks to avoid this presumption by stating that "Defendants concealed material facts known to them but not to plaintiff regarding payments, notices, assignments, transfers, late fees and charges with the intent to defraud Plaintiff." Plaintiff further asserts she did not discover the fraud until filing for bankruptcy on April 19, 2018, when the bankruptcy court advised her that before the intended time of sale, the bank had already transferred the Deed of Trust on the Subject Property. ECF No. 31 at 5. This explanation does not save plaintiff's fraud claim from the time bar, because plaintiff's claim fraud claim is based on the fact that her payments were not being properly

7

credited, and the Notice of Default clearly indicated that from the lender's perspective, plaintiff was not making the required payments. As of the December 17, 2014 Notice, plaintiff had enough information to prompt an investigation on her part; she was on notice that the bank considered her in default.

At hearing, plaintiff explained her failure to investigate upon receiving the Notice of Default by alleging that she had been misled by lenders. Specifically, upon receiving a Notice of Default in the past she had been advised by her lender to allow the default to take effect so that she could participate in a loan modification program. In light of plaintiff's allegations of special circumstances, the court asked counsel for defendants whether California makes any provision for equitable tolling in a case like this. In light of defendants' response, ECF No. 43, and the court's independent legal research, it is clear that the doctrine of equitable tolling does not save plaintiff's fraud claim.

> Equitable tolling "halts the running of the limitations period so long as the plaintiff uses reasonable care and diligence in attempting to learn the facts that would disclose the defendant's fraud or other misconduct." (4 Wright & Miller, Federal Practice and Procedure (3d ed. 2002) Commencement of Action, § 1056, p. 255.) The doctrine "focuses primarily on the plaintiff's excusable ignorance of the limitations period. [Citation.] [It] is not available to avoid the consequences of one's own negligence." (Lehman v. U.S. (9th Cir.1998) 154 F.3d 1010, 1016, italics in original.) "To establish that equitable tolling applies, a plaintiff must prove the following elements: fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts. [Citations.]" (Federal Election Com'n v. Williams (9th Cir.1996) 104 F.3d 237, 240–241.)

Sagehorn v. Engle, 141 Cal. App. 4th 452, 460–61 (2006) (footnote omitted). On its face, plaintiff's fraud claim is not subject to equitable tolling because plaintiff's misunderstanding as to the significance of the Notice of Default does not excuse her failure to investigate why her lender was apparently not crediting payments she claims that she made; plaintiff does not allege that she was affirmatively told to ignore the Notice of Default or that it was issued in error. Plaintiff's ignorance of the law or the legal remedies available to her does not postpone the statute of

////

8

limitations.  See, Bonyadi v. CitiMortgage, Inc., No. CV 12-5239 CAS (JCGx), 2013 WL 2898143, at *5 (C.D. Cal. June 10, 2013).

Plaintiff's cause of action for fraud accrued upon receipt of the Notice of Default because that it when she "at least ha[d] a reason to suspect a factual basis" for a fraud claim.  Slovensky, 142 Cal. App. 4th at 1528.  Plaintiff filed her case in El Dorado Superior Court on June 20, 2018, over three years since receiving the Notice of Default.  ECF No. 1-1 at 12.  For this reason, plaintiff's fraud claim fails as a matter of law and defendants' motion to dismiss must be GRANTED as to fraud without further leave to amend.

    2. *"Void or Cancel Assignment" (Homeowner's Bill of Rights)*

Plaintiff asserts, without citation to any authority, that the Corporate Assignment of Deed of Trust recorded March 29, 2012 was invalid for "the reasons set forth above including, inter alia, the fact the MERS did not have standing or the legal authority to assign the deed of trust which purportedly secured the Note, and which served as the basis for a claim to have the right to conduct a non-judicial foreclosure sale."  ECF No. 31 at 7.  Plaintiff separately cites a provision of the California Homeowners Bill of Rights which states that "Lenders that record and file multiple unverified documents will be subject to a civil penalty up to $7,500 per loan in an action brought by a civil prosecutor."  Id. at 22.  Plaintiff's claim fails because it lacks a legal basis for relief.

The court previously dismissed this claim in plaintiff's original complaint, with leave to amend, because it identified no cognizable cause of action.  ECF No. 22 at 9-10.  The court noted that the claim's label, "To Void or Cancel Assignment of Deed of Trusts" suggests a desired remedy but does not provided a legal basis for a claim.  Id. at 10.  The court found that without a clear basis in law, the claim did not comply with Rule 8, but gave plaintiff the opportunity to provide clarity through amendment.  Id.  Plaintiff's FAC does not provide the required clarity.  Even as re-drafted, the cause of action lacks an identifiable basis in law.  Because this cause of action does not state a claim pursuant to Fed. R. Civ. P. 12(b)(6), defendants' motion on this point must be granted and the claim dismissed without further leave to amend.

////

D. <u>Status of Defendant MERS</u>

The moving defendants suggest that dismissal of plaintiff's first and second claims should result in the dismissal of MERS from the case. ECF No. 37 at 3. However, MERS is specifically named in plaintiff's third cause of action for the breach of implied covenant of good faith and fair dealing (ECF No. 31 at 9-10), which the motion at bar does not address. There is no cause to dismiss MERS from this lawsuit when at least one active claim is pending against it.

## III.   CONCLUSION

It is hereby recommended that defendants' motion to dismiss (ECF No. 37) be GRANTED and that plaintiff's causes of action for fraud and void or cancel assignment be dismissed from this case without further leave to amend. The court should decline to dismiss defendant MERS from the action.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 12, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

10