UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA McMANUS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NBS DEFAULT SERVICES, LLC, BANK OF AMERICA, N.A., NATIONSTAR MORTGAGE, LLC and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>　　　　　Defendants. | No. 2:18-cv-2047 JAM AC (PS)<br><br>ORDER |

Plaintiff Priscilla McManus initiated this wrongful foreclosure action pro se on June 20, 2018, by filing a complaint against defendants in the County of El Dorado Superior Court. ECF No. 1.1 at 14-30. Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), and Nationstar Mortgage removed the case to district court based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. ECF No. 1. On May 1, 2019, defendants MERS and Nationstar filed an answer to the remaining claims of plaintiff's First Amended Complaint.[1] ECF No. 47. Defendant Bank of America has filed a notice of appearance, ECF No. 6, but otherwise has not participated in the litigation thus far. Defendant NBS Default Services has indicated that it does

---

[1] This document was docketed as a "Second Amended Complaint" but is in fact plaintiff's First Amended Complaint. ECF No. 31.

1

not intend to participate in this action due to its non-monetary status obtained in state court. ECF No. 23 at 2.

In the interest of avoiding the accumulation of fees and costs through potentially unnecessary discovery and motion practice, and to allow the parties sufficient time to pursue an early informal resolution of this matter, the court finds a referral to the Voluntary Dispute Resolution Program is appropriate. Based on the foregoing, IT IS HEREBY ORDERED that:

1. This action is STAYED pending further order of the court.
2. The Initial Scheduling Conference currently set for 7/31/2019 is hereby VACATED from the calendar and will be re-scheduled if necessary.
3. The parties are directed to promptly meet and confer to discuss settlement of this action. Settlement discussions require focus and preparation and should involve the attorneys who will try the case and the person or persons having full authority to negotiate and settle the case on any terms. Plaintiff should initiate settlement discussions by providing a written itemization of damages and a meaningful settlement demand that includes an explanation of why the demand is appropriate. Defendant should respond with an acceptance of the offer or with a meaningful counteroffer, and which includes an explanation of why the counteroffer is reasonable. The parties should continue in this way until they reach settlement or have exhausted informal settlement efforts.
4. If the parties have not been able to informally reach a settlement within 45 days, the parties shall initiate participation in the court's Voluntary Dispute Resolution Program ("VDRP") by contacting the court's VDRP administrator, Sujean Park, at (916) 930-4278 or SPark@caed.uscourts.gov.[2]

////

---

[2] The resources of the VDRP program are limited, and the parties are expected to make good faith efforts to timely and fully exhaust informal settlement efforts prior to initiating participation in the VDRP. The court will look with disfavor upon parties stalling or failing to participate in the above-mentioned initial informal discussions, prompting potentially unnecessary participation in the VDRP and straining the program's resources.

5. The parties shall carefully review and comply with Local Rule 271, which outlines the specifications and requirements of the VDRP.
6. No later than fourteen (14) days after completion of the VDRP session, the parties shall jointly file their VDRP Completion Report, consistent with Local Rule 271(o).

IT IS SO ORDERED.

DATED: May 15, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE