UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| PRISCILLA McMANUS, | No. 2:18-cv-2047 JAM AC PS |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| NBS DEFAULT SERVICES, LLC, et al., | |
| Defendants. | |

This case is before the undersigned pursuant to Local Rule 302(c)(21).  On August 17, 2020 the VDRP process was completed, and the parties subsequently submitted a VDRP Completion Joint Status Report.  ECF No. 76.  Pursuant to the parties' joint status report and upon reviewing the case, the court ordered defendant Bank of America to file an answer by September 30, 2020.  ECF No. 78.  Bank of America filed its answer with affirmative defenses on September 23, 2020.  ECF No. 79.  Now before the court is plaintiff's motion to strike the answer and affirmative defenses.  ECF No. 81.  Plaintiff argues that the affirmative defenses were not properly pled, and that the answer was untimely.  Id.

Plaintiff's motion must be denied.  First, the answer was clearly not untimely.  It was filed several days before the deadline set by the court for its filing, as described above.  Second, there is no basis to strike the affirmative defenses.

////

1

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "[m]otions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) (citations omitted). Before a motion to strike affirmative defenses may be granted, the court must be convinced there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed. SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). "[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) (citation omitted).

Here, Defendant Bank of America has pled the following affirmative defenses:

FIRST AFFIRMATIVE DEFENSE

(Failure to State Cause of Action)

1. The Amended Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action against BANA.

SECOND AFFIRMATIVE DEFENSE

(Compliance With Governing Law)

2. BANA's compliance with the statutes, rules and regulations which govern the subject matter of this lawsuit, precludes any liability to Plaintiff.

THIRD AFFIRMATIVE DEFENSE

(No Illegal Act)

3. At all times mentioned in the Amended Complaint, BANA's actions were legal acts. Any determination of illegality and/or unfairness cannot be applied retroactively.

FOURTH AFFIRMATIVE DEFENSE

(Defendant's Performance)

4. BANA fully performed all conditions, covenants and promises required of it to be performed.

FIFTH AFFIRMATIVE DEFENSE

(No Damages)

5. The allegations presented in the Amended Complaint do not support Plaintiff's claims for damages.

SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

6. The damages alleged in the Amended Complaint resulted, in whole or in part, from Plaintiff's failure to mitigate her alleged damages.

SEVENTH AFFIRMATIVE DEFENSE

(Barred by Failure of Performance)

7. The Amended Complaint is barred by Plaintiff's failure to perform all duties and obligations on their part of any agreement with the BANA, and such failures bar Plaintiff from recovery herein.

EIGHTH AFFIRMATIVE DEFENSE

(Uncertainty)

8. The Amended Complaint does not describe the claims against BANA with sufficient particularity and certainty to enable BANA to determine what defenses may exist.

NINTH AFFIRMATIVE DEFENSE

(One Who Seeks Equity Must Do Equity)

9. Plaintiff's request for equitable relief cannot be granted until they satisfy their equitable obligations to BANA.

TENTH AFFIRMATIVE DEFENSE

(Comparative Fault of Plaintiffs)

10. BANA is informed and believes, and based thereon alleges, that if Plaintiff sustained any damages as alleged in the Complaint, those damages were proximately caused by Plaintiff in failing to act in a manner ordinarily expected of reasonable prudent persons in the conduct of their affairs and business. Her comparative fault bars or diminishes any recovery herein.

ELEVENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

11. By virtue of the passage of time, Plaintiff's claims against BANA are barred by the applicable statutes of limitations.

TWELFTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

12. BANA expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

ECF No. 79 at 7-9.

Nothing about these defenses or their supporting allegations are legally insufficient, redundant, immaterial, impertinent, or scandalous.  See Rule 12(f).  The answer properly puts plaintiff on notice of BANA's theories of defense, and there is nothing in the record indicating an absence of legal or factual disputes or suggesting that defendant cannot succeed under any circumstances on its affirmative defenses.  See Kohler, 779 F.3d at 1019; SEC v. Sands, 902 F. Supp. at 1165.  Accordingly, there is no basis for striking the affirmative defenses.

For these reasons, IT IS HEREBY RECOMMENDED that plaintiff's motion to strike (ECF No. 81) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 24, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE